UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SALLY CZARNECKI and JAMES MENEAR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> MESSERLI & KRAMER, P.A., <br><br> Defendant. | Case No.: 17-cv-1304 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Sally Czarnecki is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff James Menear is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect a debt allegedly incurred for personal, family or household purposes.

6. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act in that he engaged in a consumer transaction. Wis. Stat. § 421.301(17).

7. Defendant Messerli & Kramer, PA ("Messerli") is a law firm with its principal place of business located at 100 S 5th Street, 1400 Fifth Street Towers, Minneapolis, MN 55402-5540.

8. Messerli is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Messerli is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Messerli is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

### *Czarnecki Fax Communication*

10. On or about March 8, 2017, Messerli faxed an Employment Verification letter to Czarnecki's employer, U.S. Dept. of Housing and Urban Development-Milwaukee ("HUD"). A copy of this letter is attached to this Complaint as Exhibit A.

11. Exhibit A contains the following text:

**IMPORTANT NOTICE**

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

12. Upon information and belief, the alleged debt that Messerli was attempting to collect by sending Exhibit A to Plaintiff was allegedly incurred for personal, family or household purposes, namely, a personal credit card account.

13. Exhibit A is a form facsimile cover sheet, with the information specific to Czarnecki and this employment verification request inserted manually.

2

14. <u>Exhibit A</u> is printed on Messerli's attorney letterhead, which identifies the firm as "Attorneys At Law."

15. <u>Exhibit A</u> also states that the "the information in this facsimile message is attorney privileged and confidential information intended for the use of the individual or entity named above."

16. <u>Exhibit A</u> is addressed to "ATTN: HR/PAYROLL DEPT / U.S. Dept. of HUD-Milwaukee."

17. Any employer receiving a facsimile cover sheet from an organization identifying itself as "Attorneys at Law" that contains an "IMPORTANT NOTICE" that the "communication is from a debt collector and is an attempt to collect a debt," would understand that the employment verification was being made in connection with the collection of a debt.

18. Czarnecki never gave Messerli consent to disclose the existence of any alleged debt in communication with her employer in connection with the alleged debt.

19. Upon information and belief, Messerli did not have the express permission of a court of competent jurisdiction to disclose the existence of any alleged debt in communication with her employer in connection with the alleged debt.

20. On or about March 30, 2017, "Discover Bank c/o Messerli PA" filed 17-sc-9364, a small claims action against Czarnecki in Milwaukee County Circuit Court.

21. On or about June 20, 2017, the Court entered a default judgment in 17-sc-9364.

22. On or about July 10, 2017, the Court sent out an earnings garnishment notice in 17-sc-9364, with the US Department of Housing & Urban Development as the garnishee.

23. <u>Exhibit A</u> was sent to Plaintiff's employer before Case No. 17-sc-9364 was even filed and long before a judgment was entered or any postjudgment remedy could be effectuated.

24. Upon information and belief, Messerli would not have filed 17-sc-9364 without verification of Czarnecki's employment.

25. Plaintiff was emotionally distressed by Exhibit A.

26. Plaintiff had to spend time and money investigating Exhibit A and the consequences of any potential responses to Exhibit A.

27. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of Exhibit A.

### *Menear Letter*

28. On or about June 15, 2017, Messerli mailed a debt collection letter to Menear. A copy of this letter is attached to this Complaint as Exhibit B.

29. Upon information and belief, the alleged debt referenced in Exhibit B is an alleged Capital One credit card account, used only for personal, family or household purposes.

30. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Menear inserted by computer.

31. Exhibit B was the first written communication that Messerli sent to Menear regarding the alleged debt identified in Exhibit B.

32. Also or about June 15, 2017, Messerli mailed a second debt collection letter to Plaintiff. A copy of this letter is attached to this Complaint as Exhibit C.

33. Upon information and belief, Exhibit C is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

34. Exhibit C attempts to collect the same alleged debt as Exhibit B. The amounts are the same in both letters.

35. Sending a consumer multiple, identical letters on the same day without alerting the consumer that the letters are duplicates is misleading and confusing. The practice may, for example, lead the unsophisticated consumer to pay the same debt twice.

36. Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

37. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15,

2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

38. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

39. 15 U.S.C. § 1692c(b) prohibits debt collectors from communicating with third parties in connection with the debt unless the debt collector has received prior consent given directly to the debt collector, or the express permission of a court of competent jurisdiction, or the communication is reasonably necessary to effectuate a postjudgment judicial remedy.

40. 15 U.S.C. § 1692e provides, in relevant part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

41. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of— the character, amount, or legal status of any debt.

42. 15 U.S.C. § 1692e(10) prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

6

43. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

44. Wis. Stat. § 427.104(1)(e) prohibits debt collectors from disclosing a customer's information affecting the customer's reputation, whether or not for credit worthiness, where the person does not have a legitimate business need for the information.

## COUNT I – FDCPA

45. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

46. Count I is brought on behalf of Plaintiff Czarnecki.

47. Exhibit A unnecessarily disclosed the existence of Czarnecki's alleged debt to her employer without obtaining Czarnecki's prior consent or the express permission of a court of competent jurisdiction.

48. Exhibit A violates 15 U.S.C. §§ 1692c(b), 1692e, 1692e(10) and 15 U.S.C. § 1692f.

## COUNT II -- FDCPA

49. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

50. Count II is brought on behalf of Plaintiff Menear.

51. Messerli mailed two debt collection letters to Plaintiff, seeking to collect the same debt, on the same day. Exhibits B and C.

52. Sending two initial collection letters on the same debt within two days of each other without alerting the consumer that the letters are duplicates is misleading and raises the risk of double-payment.

53. The unsophisticated consumer would be confused by the two letters in combination.

54. Exhibits B and C violate 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692f, and 1692g(a).

## COUNT III -- WCA

55. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

56. Count III is brought on behalf of Plaintiff Czarnecki.

57. Exhibit A disclosed the existence of Plaintiff's alleged debt to her employer before the employer had any legitimate business need for the information.

58. Exhibit A violates Wis. Stat. § 427.104(1)(e).

## CLASS ALLEGATIONS

59. Plaintiff brings this action on behalf of two Classes

60. Class 1 consists of (a) all natural persons in the State of Wisconsin (b) whose employers were sent Employment Verification communications in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt incurred for personal, family or household purposes, (d) Between September 26, 2016 and September 26, 2017, inclusive, (e) before a judgment for the underlying debt was entered.

61. Class 2 consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form(s) represented by Exhibit B to the complaint in this action, and (c) also sent a collection letter in the form represented by Exhibit C to the complaint in this action, (d) within the 30-day validation period, (e) seeking to collect a debt for personal, family

or household purposes, (f) between the dates of September 26, 2016 and September 26, 2017, inclusive, (g) that was not returned by the postal service.

62. Each Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

63. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibits A-C violate the FDCPA or the WCA.

64. Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

65. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

66. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

67. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Classes and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 26, 2017

9

Case 2:17-cv-01304-WED    Filed 09/26/17    Page 9 of 10    Document 1

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com

10